STATE OF NEVADA EMPLOYEES ASSOCIATION, INC., A NEVADA CORPORATION, APPELLANT AND CROSS-RESPONDENT, v. THE STATE OF NEVADA, EX REL, ITS DEPARTMENT OF PRISONS, VERNON HOUSE-WRIGHT, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE STATE OF NEVADA DEPARTMENT OF PRISONS; JAMES WITTENBERG, IN HIS OFFICIAL CAPACITY AS CHIEF OF THE PERSONNEL DIVISION OF THE STATE OF NEVADA DEPARTMENT OF GENERAL SERVICES; GOVERNOR ROBERT LIST, IN HIS OFFICIAL CAPACITY AS CHIEF EXECUTIVE OFFICER OF THE STATE OF NEVADA, RESPONDENTS AND CROSS-APPELLANTS.

No. 16415

September 4, 1986                                      724 P.2d 732

[Rehearing denied March 24, 1987]

*Norah Ann McCoy,* Carson City, for Appellant and Cross-Respondent.

*Brian McKay,* Attorney General, *Robert A. Kirkman,* Deputy Attorney General, Carson City, for Respondents and Cross-Appellants.

## OPINION

*Per Curiam:*

Appellant State of Nevada Employees Association (SNEA) sued respondent state officials on behalf of employees of the Department of Prisons (DOP), who were denied promised travel and uniform allowances incident to their jobs. Denial of these monies to prison employees came about as a result of budget cuts effectuated under the terms of NRS 353.225.[1]

The employees claim that they have a contractual right to receive travel and uniform allowances and claim further that denial of these allowances is improper because NRS 353.225 is unconstitutional. Since we agree that the employees are entitled contractually to be paid the claimed allowance, we do not address the constitutional question. The district court's judgment awarding uniform allowances is affirmed. The district court's judgment denying the travel allowances is reversed, and this case is remanded with instructions that these allowances be awarded to appellant employees.

The facts in this case are not in dispute. Among the facts found by the district court are the following:

The 1981 Legislature as a travel allowance for the Southern Nevada Correctional Center (SNCC) and the Southern Desert Correctional Center (SDCC) for the fiscal year 1982-83 appropriated $6.60 per day per employee. The purpose of the travel allowance was to reimburse the employees of SNCC and SDCC for the necessity of traveling at least 30 miles to work at the facilities. At the time of the appropriation and prior thereto, there was little or no available housing closer than 30 miles from either

---

[1]NRS 353.225 provides as follows:

353.225 Reserves.

1. In order to provide some degree of flexibility to meet emergencies arising during each fiscal year in the expenditures for the state distributive school fund and for operation and maintenance of the various departments, institutions and agencies of the executive department of the state government, the chief, with the approval in writing of the governor, may require the state controller or the head of each such department, institution or agency to set aside a reserve in such amount as the chief may determine, out of the total amount appropriated or out of other funds available from any source whatever to the department, institution or agency.

2. At any time during the fiscal year this reserve or any portion of it may be returned to the appropriation or other fund to which it belongs and may be added to any one or more of the allotments, if the chief so orders in writing.

of the facilities. The availability of the travel allowance was advertised by DOP in its job announcements in recruitment of employees for employment at SNCC and SDCC. The employees of both facilities who do not have housing at the location of the facilities have and continue to incur travel expenses every day they work at the facilities.

The 1981 Legislature appropriated for uniform allowance for all uniformed employees of the DOP for the 1982-83 fiscal year $77.50 per employee per quarter. The purpose of the uniform allowance was and is for the purchase and replacement of required uniform items. Such an allowance has been received in varying amounts by DOP uniformed employees for in excess of ten years.

Governor Robert List determined that a fiscal emergency existed for fiscal year 1982-83 because revenue projections from the State Budget Office indicated that there would be insufficient monies to fund state agencies' budgets through the end of the fiscal year of June 30, 1983, if no action were taken. On September 29, 1982, Governor List gave instructions to the director of the Department of Administration as chief budget officer to implement a reduction of revenue expenditures to meet the anticipated reserve required to pay all executive agency obligations of $19,270,272.

Pursuant to instructions from the chief of the Budget Division to all executive state agencies, DOP Director Housewright began efforts to reduce the DOP's expenses. Uniform allowance and remote area differential expenditure (travel allowance) reductions were only two of the budget saving actions which were taken by the DOP in order to reach the targeted figure mandated by the Governor and his Budget Chief.

Beginning in October, 1982, the travel allowance was reduced to $1.00 per employee per day and continued at that rate for the remainder of the fiscal year, 1982-83. The uniform allowance was reduced in October, 1982, to $15.50 per uniformed employee per quarter and continued at that rate for the final three quarters of the fiscal year 1982-83.

In reviewing the employees' claims the district court held that the state was contractually obligated to pay the uniform allowance but not the travel differential. We see no rational basis to distinguish the two. The record is clear that both the uniform and travel pay were part of the total compensation package offered to workers at these two southern Nevada facilities. As such they constitute integral portions of the contractual consideration given by the state in exchange for the labor of the prison employees. The state was no less bound to pay these forms of compensation than it was the employees' regular salary.

The fact that the Governor was authorized by statute to limit expenditures does not provide the state with an excuse to breach its preexisting contractual obligations. The state may not pass a law which impairs the obligation of contracts. U.S. Const. art. I, § 10; Nev. Const. art. 1, § 15. As we held in Public Emp. Ret. v. Washoe County, 96 Nev. 718, 615 P.2d 972 (1980), employment contracts are within the ambit of the contract clause. Simply put, the duty to maintain sound fiscal control of the state's budget cannot supplant the state's concomitant duty to honor its contracts with state workers.

We affirm the judgment of the district court as it pertains to the uniform allowance and reverse as to the travel differential. This cause is remanded to the district court with instructions to enter a judgment in accordance with this opinion.